UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mwati McKenzie,                                             Civ. File No. 06-264 (PAM/JSM)

                   Petitioner,

                   v.                                   **MEMORANDUM AND ORDER**

MCF-Stillwater Warden
Lynn Dingle,

                   Respondent.

This matter is before the Court on Petitioner's objections to United States Magistrate Judge Janie S. Mayeron's Report and Recommendation ("R&R") dated January 31, 2006. The R&R recommended that the Court deny Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 and summarily dismiss this action without prejudice. The Court has conducted a de novo review of the objections and the record. See 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). Based on that review, the Court overrules the Objections and adopts the R&R.

**BACKGROUND**

On October 23, 1993, Petitioner was convicted in Hennepin County District Court on two counts of first degree murder. The Minnesota Supreme Court affirmed Petitioner's conviction on direct appeal. See State v. McKenzie, 532 N.W.2d 210, 223 (Minn. 1995). After his unsuccessful appeal and several post-conviction challenges in state court, Petitioner filed a federal habeas corpus petition under 28 U.S.C. § 2254 on October 20, 2000. See

McKenzie v. Bruton, Civ. No. 00-2350 (PAM/JMM). On March 1, 2001, this Court dismissed the petition with prejudice as time barred under 28 U.S.C. § 2244(d). On July 29, 2005, Petitioner filed a Motion seeking relief under Federal Rule of Civil Procedure 60(b). This Court denied that Motion, finding it untimely.

In the meantime, Petitioner filed a fourth petition for post-conviction relief in Minnesota state court, arguing that the grand jury selection procedures violated his equal protection rights and that his trial counsel was ineffective. On December 29, 2005, the Minnesota Supreme Court affirmed the denial of the petition, reasoning that Petitioner could have raised the arguments on direct appeal or in his previous post-conviction petitions.

**DISCUSSION**

Petitioner has already filed unsuccessful post-conviction relief motions. Because federal law precludes the filing of successive motions for relief, the Court must dismiss the petition. See 28 U.S.C. § 2244(b)(3)(a) (requiring certification from Court of Appeals prior to filing successive habeas motion); see also Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2003). Petitioner's argument that this petition falls within the ambit of 28 U.S.C. § 2244(b)(2)(b)(i) is untenable. The factual predicate for the current petition could have been discovered previously through the exercise of due diligence and raised in his previous habeas corpus petition.

As the Magistrate Judge correctly explained, Petitioner may seek pre-authorization from the Eighth Circuit Court of Appeals to file a new action. Accordingly, the Court will dismiss this action without prejudice. The Court warns Petitioner that he cannot file another

petition relating to his 1993 state criminal conviction and sentence unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals.

**CONCLUSION**

After a <u>de novo</u> review, the Court finds that the Magistrate Judge correctly ruled that this Court lacks jurisdiction over the Petition for Writ of Habeas Corpus. Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The R&R (Docket No. 7) is **ADOPTED**;

2. Petitioner's Objections to the R&R (Docket No. 10) are **OVERRULED**; and

3. The Petition for a Writ of Habeas Corpus (Docket No. 1) is **DENIED**;

4. Petitioner's Motion for Appointment of Counsel (Docket No. 3) is **DENIED**;

5. Petitioner's Motion for Court to Temporarily Stay and/or Hold Petition in Abeyance (Docket No. 4) is **DENIED**; and

6. This action is summarily **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 12, 2006

                s/ Paul A. Magnuson
                Paul A. Magnuson
                United States District Court Judge